IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JENNIFER LE BRON, | § § § |
| Plaintiff, | § Civil Action No. 1:21-cv-5260 § |
| v. | § § |
| ABC FINANCIAL d/b/a ABC FITNESS SOLUTIONS, | § Jury Trial Demanded § § |
| Defendant. | § § § |

# COMPLAINT

JENNIFER LE BRON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ABC FINANCIAL d/b/a ABC FITNESS SOLUTIONS ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Illinois and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Illinois.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Chicago, Illinois 60610.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a business entity with a principal place of business, head office, or otherwise valid mailing address at 8320 Highway 107, Sherwood, Arkansas 72120.

8. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all times relevant hereto, Plaintiff maintained a cellular telephone number ending in 0052.

11. Plaintiff has only used this cellular telephone number for residential purposes.

12. Plaintiff registered the cell phone number ending in 0052 on the Do Not Call Registry on or around February 4, 2017.

13. Plaintiff registered her number on the Do Not Call List in order to obtain solitude from unwanted calls.

14. Sometime around March of 2017, Plaintiff joined Anytime Fitness Gym.

15. When joining said gym, Plaintiff was asked to complete a membership application.

16. Unlike many membership applications, nowhere in that application did the terms state that providing a cell phone number or completing the application established consent for Anytime Fitness or its agents to call the consumer cell phone using an automatic telephone dialing system and/or to call using a pre-recorded voice.

17. Despite the absence of express consent, Defendant called Plaintiff on behalf of Anytime Fitness on her cellular telephone number in or around November 2017 on a repetitive basis for the purpose of soliciting a gym membership payment.

18. Upon information and belief, when contacting Plaintiff, Defendant used a dialing system which used an automatically generated or pre-recorded voice.

19. Furthermore, Defendant called Plaintiff on one or more instance before 8:00 am.

20. Defendant called Plaintiff on instances including but not limited to:

- November 3, 2017, at 7:24 am CST;
- November 7, 2017, at 5:47 pm CST; and
- November 13, 2017, at 7:32 am CST;

21. Upon information and belief, Defendant called Plaintiff on instances not identified in the above list using a pre-recorded or automated voice.

22. Defendant left for Plaintiff pre-recorded voice messages soliciting payment in connection with Anytime Fitness.

23. Defendant's telephone calls were not made for "emergency purposes" but rather were to solicit a gym membership payment.

24. As a proximate result of the foregoing, Plaintiff suffered a real and concrete injury.

25. Specifically, Plaintiff found Defendant's repeated calls annoying, frustrating, upsetting, harassing, and an invasion of her privacy.

26. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)**

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

29. Defendant placed multiple calls to Plaintiff's telephone number using an automatically generated or pre-recorded voice.

30. Defendant's calls to Plaintiff were not made for "emergency purposes."

31. Defendant's calls to Plaintiff were without Plaintiff's prior express consent.

32. Defendant contacted Plaintiff despite the fact that Plaintiff was on the Do Not Call Registry since February 4, 2017.

33. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. As a result of the above violations of the TCPA, Plaintiff has suffered the injury as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## COUNT II
### DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(c) and 47 CFR 64.1200(c)(1)

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. The TCPA through its accompanying regulations promulgated by the FCC, provides: (c) No person or entity shall initiate any telephone solicitation to:(1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location),

38. Defendant contacted Plaintiff don at least two occasions before 8:00 am CST.

39. Defendant called Plaintiff on multiple occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

40. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

41. Upon information and belief, at the time of the operative calls, Defendant lacked a system in place to prevent calls to central time residents before 8:00 am Eastern Time.

42. As a result of the above violations of the TCPA, Plaintiff has suffered the injury as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, JENNIFER LE BRON, respectfully prays for judgment as follows:

    a.    All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

    b.    Statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3)(B));

    c.    Additional statutory damages of $500.00 per violative text/call (as provided under 47 U.S.C. §227(c));

    d.    Treble damages of $1,500.00 per violative text/call (as provided under 47 U.S.C. § 227(b)(3));

    e.    Additional treble damages of $1,500.00 per text/call (as provided under 47 U.S.C. § 227(c);

    f.    Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c)); and

    g.    Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JENNIFER LE BRON, demands a jury trial in this case.

Respectfully submitted,

Dated:

By: */s/ Craig T. Kimmel*
Craig T. Kimmel, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 148
Facsimile: (877) 788-2864
Email: kimmel@creditlaw.com