UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLAINTIFF A, and <br> PLAINTIFF B, <br>       Plaintiffs, <br> v. <br> DEFENDANT C, and <br> DEFENDANT D, <br>       Defendants. | Case No. XX-cv-XXXX <br><br> Hon. Franklin U. Valderrama |

# JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

## I. Nature of the Case

    A.    Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.

    B.    State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. As a reminder, domicile is different than residence – the former is what counts for diversity purposes. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012).

           If the basis of jurisdiction is diversity, please remember that a corporation is treated differently than an LLC/LLP. Please note two things. ***First***, if a party is a corporation, counsel must identify its place of incorporation and its principal place of business. ***Second***, if a party is a partnership or a limited liability company, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). If any partners or members are themselves partnerships or LLCs, the rule applies to their partners or members, too.

C. Provide a short overview of the case in plain English (five sentences or less).

D. Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

E. What are the principal factual issues?

F. What are the principal legal issues?

G. What relief is the plaintiff(s) seeking? Quantify the damages, if any.
(A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This estimate will not be admissible.).

H. Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.

II. **Discovery**

A. Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

| Event | Deadline |
|---|---|
| Initial Discovery Responses | |
| Amendment to the pleadings | |
| Service of process on any "John Does" | |
| Completion of Fact Discovery | |
| Disclosure of Plaintiff's Expert Report(s) | One month after the close of fact discovery (insert a date certain) |
| Deposition of Plaintiff's Expert | |
| Disclosure of Defendant's Expert Report(s) | |
| Deposition of Defendant's Expert | |
| Dispositive Motions | One month after the close of expert discovery (insert a date certain) |

    B.     How many depositions do the parties expect to take?

    C.     Do the parties foresee any special issues during discovery?

    D.     Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

## III.   <u>Trial</u>

    A.     Have any of the parties demanded a jury trial?

B. Estimate the length of trial.

## IV. Settlement, Referrals, and Consent

A. Have any settlement discussions taken place? If so, what is the status? Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

B. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

## V. Other

A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

B. Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

INSERT SIGNATURE BLOCKS FOR ALL PARTIES